IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

      v.                                                      09-CR-406-S

TULIP CORPORATION,

            Defendant.



---

### PLEA AGREEMENT

Pursuant to Federal Rule of Criminal Procedure Rule 11(c)(1)(C), the defendant, TULIP CORPORATION ("TULIP"), and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set forth below.

### I. THE PLEA AND POSSIBLE SENTENCE

1. The defendant agrees to waive indictment and to plead guilty to a one count Information charging a violation of Title 42, United States Code, Section 6928(d)(2)(A) [storage of a hazardous waste without a permit], for which the maximum sentence is a fine of $50,000 per day of violation, a mandatory $400 penalty assessment and a possible term of probation of at least 1 year and no more than 5 years.

2. The government agrees not to charge the defendant with committing any other federal criminal offenses, known at the time

of the execution of this agreement, related to the operations of the defendant at 3125 Highland Avenue, Niagara Falls, New York. This agreement does not prohibit any other agency of the United States from initiating or prosecuting any civil or administrative proceedings directly or indirectly involving the defendant, including, but not limited to, proceedings by the U.S. Environmental Protection Agency related to suspension and/or debarment.

3. The defendant represents that a meeting of the defendant's board of directors was held where it was resolved that the defendant has been authorized to enter into this agreement. A copy of the minutes of such meeting are attached to this plea agreement and marked Exhibit A.

## II.   **ELEMENTS AND FACTUAL BASIS**

4. The defendant understands the nature of the offenses set forth in paragraph 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

    a. The defendant stored or caused to be stored hazardous waste;

    b. The defendant did not have a permit under the Resource Conservation and Recovery Act (RCRA) to store the hazardous waste; and

    c. The defendant acted knowingly.

## FACTUAL BASIS

5. The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

    a. Defendant TULIP CORPORATION (TULIP) is a California Corporation which owns and operates an industrial facility at 3125 Highland Avenue, Niagara Falls, New York (Niagara Falls Plant), in the Western District of New York.

    b. One of the product lines at TULIP involves the re-processing and recycling of shredded battery casings, commonly referred to as "chips," into a usable material. TULIP purchases the chips from various suppliers, and then re-processes the chips by washing, drying, and extruding the chips. Some of the chips processed and recycled by TULIP are contaminated with lead, and therefore were hazardous materials. The chips are delivered to TULIP by tractor-trailer, with each load containing approximately 40,000 lbs of chips.

    c. From at least January 1, 2000, to the present, JOHN SIGNORE, a co-defendant, has been employed at TULIP as the Plant Manager. In that position, SIGNORE is the highest ranking corporate official at the Niagara Falls Plant.

    d. On or about May 23, 1994, TULIP entered into an Order on Consent with the New York State Department of Environmental Conservation (DEC), regarding the Niagara Falls Plant. As part of the Order on Consent, TULIP agreed not to store hazardous chips, and if they did store hazardous chips, TULIP agreed to submit an application to DEC for a permit to store the hazardous chips.

    e. From on or about October 14, 2004, to on or about July 11, 2007, chips, some of which were

        contaminated with lead, were occasionally stored outside at TULIP when breakdowns in the chip re-processing equipment and a surplus of chips arriving at TULIP made it impossible to place all of the arriving chips in the plant hoppers. The storage of chips outside at TULIP increased in frequency beginning in or about January of 2007, and leading up to July 11, 2007. On July 11, 2007, DEC Hazardous Waste Inspector Tom Corbett conducted an inspection at TULIP and observed approximately 80,000 lbs of chips being stored outside. Samples of the chips were taken by Inspector Corbett and TULIP, which were analyzed for lead content. All of the samples were above the regulatory threshold for lead, and were therefore hazardous.

    e.    During the relevant time period, chips were placed and stored outside at the direction of SIGNORE.

    f.    During the relevant time period, TULIP and SIGNORE were aware of the hazardous nature of the chips, and that the lead contaminated chips could not be stored outside.

    g.    During the relevant time period, TULIP and SIGNORE did not apply for or obtain a permit to store the lead contaminated chips outside.

### III.    SENTENCING GUIDELINES

6. The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

### SENTENCING AGREEMENT

7. The government and the defendant agree that the Sentencing Guidelines, including Chapter Eight which provides

guidance for the sentencing of corporate defendants, may be considered by the Court, except that pursuant to Guidelines §§ 8C2.1 and 8C2.10, the Sentencing Guidelines are not applicable for purposes of determining a corporate fine in the present case. Instead, the fine is to be determined under Title 18, United States Code, Sections 3553 and 3571.

8. Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, subject to acceptance by the Court, the government and the defendant agree that the appropriate disposition is as follows:

    a. The defendant will be placed on a term of probation for three (3) years, during which time it shall continue to observe and adhere to its Environmental Compliance Plan ("Plan"), as further detailed in subparagraph (b) below.

    b. In the aftermath of the July 11, 2007, DEC inspection, TULIP prepared and implemented the Plan. The only part of the Plan that remains for implementation are the Independent Monitor provisions of the Plan. To implement those provisions, TULIP shall contract with GZA GeoEnvironmental, Inc. ("GZA"), located in Buffalo, New York, to independently monitor TULIP's adherence to the Plan. GZA shall, without prior notice, inspect TULIP's Niagara Falls Plant at least four (4) times during the first year of probation, two (2) times during the second year of probation, and two (2) times during the third year of probation. During these inspections, GZA shall have the authority to fully search TULIP's Niagara Falls Plant, and take any samples it deems appropriate. GZA shall take and analyze at least two (2) ambient air samples from TULIP's Niagara Falls Plant during the first year of probation, one (1) ambient air sample during the second year of

        probation, and one (1) ambient air sample during the third year of probation. Following each inspection and/or analysis conducted by GZA, GZA shall prepare a report documenting TULIP's adherence to the Plan and identifying any alleged violations of local, state, or federal laws or regulations. A copy of the report prepared by GZA shall be submitted to the U.S. Probation Department and the U.S. Attorney's Office.

    c.    Payment of a $100,000 criminal fine.

    d.    Payment of a $400 special assessment.

### IV.  STATUTE OF LIMITATIONS

9. In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any other criminal offense involving or related to violations of the Resource Conservation and Recovery Act or the Clean Water Act which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

V. **GOVERNMENT RIGHTS AND RESERVATIONS**

10. The defendant understands that the government has reserved the right to:

   a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history; and

   b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government.

11. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

12. The defendant understands and agrees that the Court at, the time of sentencing, may order that all monetary penalties imposed at that time (including any fine, restitution, community service award, or special assessment imposed in accordance with the terms and conditions of this plea agreement) are to be due and payable in full immediately and subject to immediate enforcement by the United States. The defendant understands and acknowledges that any schedule of payments imposed by the Court at the time of

sentencing is merely a minimum schedule of payments and does not, in any way, limit those methods available to the United States to enforce the judgment.

## VI. APPEAL RIGHTS

13. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which is consistent with the sentence set forth in Section III, ¶8, above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

14. The defendant understands that by agreeing to not collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

15. The government waives its right to appeal any component of a sentence imposed by the Court which is consistent with the sentence set forth in Section III, ¶8, above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

### VII.  TOTAL AGREEMENT AND AFFIRMATIONS

16. This plea agreement represents the total agreement between the defendant, TULIP CORPORATION, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

KATHLEEN M. MEHLTRETTER
United States Attorney
Western District of New York

BY: _____
AARON J. MANGO
Assistant U.S. Attorney

Dated: February 3, 2010

The corporate defendant, TULIP CORPORATION, by its attorney, James W. Grable, Jr., Esq. and by a vote of the Board of Directors,

a copy of which resolution is attached hereto and marked Exhibit A, hereby agrees to all the terms of this agreement. Furthermore, the defendant, TULIP CORPORATION, acknowledges that all the terms of this agreement, which consists of 10 pages, have been explained to the Board of Directors. The corporation has had a full opportunity to discuss this agreement with its attorney, James W. Grable, Jr., Esq. The corporation states that it represents the total agreement reached between itself and the government. No promises or representations have been made to the corporation or any representative of the corporation other than what is contained in this agreement. The corporation fully agrees with the contents of this agreement. The corporation is signing this agreement voluntarily.

_____
TULIP CORPORATION
BY: _FRED TESHINSKY - PRESIDENT_
Defendant

Dated: February _3_, 2010

_____
JAMES W. GRABLE, JR., ESQ.
Attorney for Defendant Corporation

Dated: February _3_, 2010

# MINUTES OF A MEETING
# OF THE BOARD OF DIRECTORS
# OF
# TULIP CORPORATION

Pursuant to email notice and a written waiver of notice in the form attached as Exhibit A, a meeting of the Board of Directors (the "**Board**") of Tulip Corporation (the "**Company**"), was held on December 28, 2009, beginning at approximately 12 noon (PT). The following individuals, each of whom is a member of the Board and whom together constitute a quorum of the Board, participated by telephone conference call at the meeting, and all of the participating members could hear one another throughout the telephone conference:

| | |
|---|---|
| Robert Adler | Adam Teshinsky |
| Carl Albert | Felix Teshinsky |
| James Rulseh | Fred Teshinsky |
| Alan Schmidt | |

Patrick Cafferty and James Grable, counsel to the Company, also participated in the meeting.

The Board discussed the proposed Plea Agreement (the "**Plea Agreement**") between the Company and the United States Attorney for the Western District of New York (the "**Government**") and the terms and conditions therein, including the Company's guilty plea (the "**Guilty Plea**") to a one count Information charging a violation of Title 42, United States Code, Section 6928(d)(2)(A) [storage of a hazardous waste without a permit].

After discussion, the Board adopted the resolutions attached as Exhibit B.

There being no further business, the meeting was adjourned at approximately 12:30 pm (PT).

Submitted:

*/s/ Felix Teshinsky*
Felix Teshinsky
Secretary

9545658.2

1

Exhibit A

## WAIVER OF NOTICE

The undersigned, constituting all of the Directors of Tulip Corporation, other than those attending the meeting referenced below without protest, do hereby confirm the receipt of electronic notice and hereby waive written notice of and consent to the holding of a special meeting of the Board of Directors on December 28, 2009, at approximately 12:00 p.m., Pacific Time, at the City of Industry offices of Tulip Corporation. Said meeting is to be held for the purpose of considering the execution of a Plea Agreement with the United States and such other business as may be properly brought before such meeting. The undersigned Directors agree that any business transacted at such meeting shall be valid and legally binding and of the same force and effect as though said meeting were held after notice duly given. This Waiver may be signed in counterpart.

WITNESS our signatures as of December 28, 2009.

_____        _____
Robert Adler                                             Adam Teshinsky

_____        _____
Carl Albert                                              Felix Teshinsky

_____        _____
Neil Bersch                                              Fred Teshinsky

_____        _____
James Rulseh                                             Lucy Teshinsky

_____        _____
Alan Schmidt                                             Robert Teshinsky

## WAIVER OF NOTICE

The undersigned, constituting all of the Directors of Tulip Corporation, other than those attending the meeting referenced below without protest, do hereby confirm the receipt of electronic notice and hereby waive written notice of and consent to the holding of a special meeting of the Board of Directors on December 28, 2009, at approximately 12:00 p.m., Pacific Time, at the City of Industry offices of Tulip Corporation. Said meeting is to be held for the purpose of considering the execution of a Plea Agreement with the United States and such other business as may be properly brought before such meeting. The undersigned Directors agree that any business transacted at such meeting shall be valid and legally binding and of the same force and effect as though said meeting were held after notice duly given. This Waiver may be signed in counterpart.

WITNESS our signatures as of December 28, 2009.

_____        _____
Robert Adler                                                  Adam Teshinsky

_____        _____
Carl Albert                                                     Felix Teshinsky

_____        _____
Neil Bersch                                                    Fred Teshinsky

_____        _____
James Rulseh                                                Lucy Teshinsky

_____        _____
Alan Schmidt                                                Robert Teshinsky

## WAIVER OF NOTICE

The undersigned, constituting all of the Directors of Tulip Corporation, other than those attending the meeting referenced below without protest, do hereby confirm the receipt of electronic notice and hereby waive written notice of and consent to the holding of a special meeting of the Board of Directors on December 28, 2009, at approximately 12:00 p.m., Pacific Time, at the City of Industry offices of Tulip Corporation. Said meeting is to be held for the purpose of considering the execution of a Plea Agreement with the United States and such other business as may be properly brought before such meeting. The undersigned Directors agree that any business transacted at such meeting shall be valid and legally binding and of the same force and effect as though said meeting were held after notice duly given. This Waiver may be signed in counterpart.

WITNESS our signatures as of December 28, 2009.

_____  
Robert Adler

_____  
Adam Teshinsky

_____  
Carl Albert

_____  
Felix Teshinsky

_____  
Neil Bersch

_____  
Fred Teshinsky

_____  
James Rulseh

_____  
Lucy Teshinsky

_____  
Alan Schmidt

_____  
Robert Teshinsky

# WAIVER OF NOTICE

The undersigned, constituting all of the Directors of Tulip Corporation, other than those attending the meeting referenced below without protest, do hereby confirm the receipt of electronic notice and hereby waive written notice of and consent to the holding of a special meeting of the Board of Directors on December 28, 2009, at approximately 12:00 p.m., Pacific Time, at the City of Industry offices of Tulip Corporation. Said meeting is to be held for the purpose of considering the execution of a Plea Agreement with the United States and such other business as may be properly brought before such meeting. The undersigned Directors agree that any business transacted at such meeting shall be valid and legally binding and of the same force and effect as though said meeting were held after notice duly given. This Waiver may be signed in counterpart.

WITNESS our signatures as of December 28, 2009.

_____        _____
Robert Adler                                          Adam Teshinsky


_____        _____
Carl Albert                                            Felix Teshinsky


_____        _____
Neil Bersch                                           Fred Teshinsky

*[signed]*
_____        _____
James Rulseh                                        Lucy Teshinsky

*[signed]*
_____        _____
Alan Schmidt                                       Robert Teshinsky

EXHIBIT A

FORM OF WAIVER OF NOTICE

The undersigned, constituting all of the Directors of Tulip Corporation, other than those attending the meeting referenced below without protest, do hereby confirm the receipt of electronic notice and hereby waive written notice of and consent to the holding of a special meeting of the Board of Directors on December 28, 2009, at approximately 12:00 p.m., Pacific Time, at the City of Industry offices of Tulip Corporation. Said meeting is to be held for the purpose of considering the execution of a Plea Agreement with the United States and such other business as may be properly brought before such meeting. The undersigned Directors agree that any business transacted at such meeting shall be valid and legally binding and of the same force and effect as though said meeting were held after notice duly given. This Waiver may be signed in counterpart.

WITNESS our signatures as of December 28, 2009.

| | |
|---|---|
| _____ | _____ |
| Robert Adler | Adam Teshinsky |
| | |
| _____ | _____ |
| Carl Albert | Felix Teshinsky |
| | |
| _____ | _____ |
| Neil Bersch | Fred Teshinsky |
| | |
| _____ | _____ |
| James Rulseh | Lucy Teshinsky |
| | |
| _____ | _____ |
| Alan Schmidt | Robert Teshinsky |

9545658.2

2

## WAIVER OF NOTICE

The undersigned, constituting all of the Directors of Tulip Corporation, other than those attending the meeting referenced below without protest, do hereby confirm the receipt of electronic notice and hereby waive written notice of and consent to the holding of a special meeting of the Board of Directors on December 28, 2009, at approximately 12:00 p.m., Pacific Time, at the City of Industry offices of Tulip Corporation. Said meeting is to be held for the purpose of considering the execution of a Plea Agreement with the United States and such other business as may be properly brought before such meeting. The undersigned Directors agree that any business transacted at such meeting shall be valid and legally binding and of the same force and effect as though said meeting were held after notice duly given. This Waiver may be signed in counterpart.

WITNESS our signatures as of December 28, 2009.

_____        _____
Robert Adler                                        Adam Teshinsky


_____        _____
Carl Albert                                          Felix Teshinsky


_____        _____
Neil Bersch                                         Fred Teshinsky


_____        _____
James Rulseh                                    Lucy Teshinsky


_____        _____
Alan Schmidt                                    Robert Teshinsky

EXHIBIT B

RESOLUTIONS ADOPTED BY THE

BOARD OF DIRECTORS OF TULIP CORPORATION

ON DECEMBER 28, 2009

WHEREAS, Tulip Corporation (the "**Company**") has been the subject of an ongoing investigation conducted by the United States Attorney for the Western District of New York (the "**Government**") related to the Company's operations at 3125 Highland Avenue, Niagara Falls, New York; and

WHEREAS, following extensive negotiation between counsel for the Company and representatives of the Government, the Plea Agreement between the Company and the Government, a form of which is annexed hereto (the "**Plea Agreement**"), has been presented to the Company for its consideration; and

WHEREAS the Board has carefully reviewed information provided by counsel regarding the Plea Agreement and its consequences; it is

RESOLVED, that the Board hereby approves the Plea Agreement and authorizes the Company to enter the guilty plea (the "**Guilty Plea**") to a one count Information charging a violation of Title 42, United States Code, Section 6928(d)(2)(A) [storage of a hazardous waste without a permit] contemplated therein, and understands that (i) the Plea Agreement represents the total agreement between the Company and the Government, and (ii) no promises have been made to the Company or any representative of the Company other than as set forth in the Plea Agreement; and

RESOLVED FURTHER, that the Board hereby authorizes its counsel, James W. Grable, Jr., and any officer of the Company, to execute the Plea Agreement on the Company's behalf, and to take such other actions as may be required in connection with the execution of the Plea Agreement and the entry of the Guilty Plea.